Entered on Docket October 27, 2011

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No. 10-45608 |
| SUSAN FAYE DONES, | |
| Debtor. | |
| NXIVM CORPORATION, a Delaware corporation, | Adversary No. 10-04338 |
| Plaintiff, | **JUDGMENT AS TO BOTH DEFENDANTS AND PERMANENT INJUNCTION AGAINST SUSAN FAYE DONES** |
| v. | |
| SUSAN FAYE DONES, | |
| Defendant. | |

| | |
|---|---|
| In re: | Case No. 10-45609 |
| KIM MARIE WOOLHOUSE, | |
| Debtor. | |
| NXIVM CORPORATION, a Delaware corporation, | Adversary No. 10-04339 |
| Plaintiff, | |
| v. | |
| KIM MARIE WOOLHOUSE, | |
| Defendant. | |

  Trial was held in these consolidated adversary proceedings on September 20 and 21, 2011. Plaintiff NXIVM Corporation seeks (1) to deny Defendants Susan Faye Dones and Kim Marie Woolhouse their discharges under various subsections of 11 U.S.C. § 727, (2) turnover of its property,

1

and (3) a permanent injunction against both Defendants. The Court has entered a separate Memorandum Opinion containing Findings of Fact and Conclusions of Law for purposes of Federal Rule of Bankruptcy Procedure 7052. This separate Judgment is rendered in accordance with Federal Rule of Civil Procedure 58, incorporated in this proceeding by Bankruptcy Rule 7058.

1. *NXIVM's § 727 claims*

For the reasons set forth in the Memorandum Decision, all of NXIVM's § 727 claims against Dones and Woolhouse are DISMISSED WITH PREJUDICE.

2. *Turnover of Property*

As set forth in the Memorandum Decision, Dones has already provided NXIVM with (1) all hard copies of the course materials and other confidential information in her possession, and (2) a DVD copy of subsequently discovered NXIVM material. She has also offered to return or destroy any materials still in her possession. If NXIVM still desires for Defendants to return and/or destroy NXIVM's course materials and other confidential and proprietary information that remain in Dones' possession on the computer that was mentioned at trial, it shall apply by motion. This motion shall be filed no later than November 15, 2011—with full notice and hearing—for appointment of a court-appointed technical expert in accordance with 11 U.S.C. § 327 to copy the NXIVM materials and delete them from the computer. Dones shall not be required to destroy or turn over the original or any copies of the 2009 Video in her possession.[1] The expert will not be allowed to retain or disclose any information contained on the computer other than NXIVM's materials.

3. *Permanent Injunction*

Federal Rule of Bankruptcy Procedure 7065(d)(1) provides that each order granting an injunction must state the reasons why it is issued, state its terms with specificity and describe in reasonable detail the "act or acts restrained or required." The Findings of Fact and Conclusions of Law

---

[1] The term "2009 Video" has the same meaning as it does in the Memorandum Decision.

contained in the Memorandum Opinion are hereby incorporated into this Judgment and constitute the basis for a permanent injunction against Dones.

For good cause showing and for the reasons set forth in the Memorandum Opinion, it is hereby ORDERED that Susan Faye Dones is permanently ENJOINED from further disseminating, disclosing or publishing physically, orally, electronically, or in writing or other means, in whole or in part, the 2009 Video in her possession to any third party, including by any act in concert with others, unless required by law to do so in a judicial proceeding.

NXIVM's request for a permanent injunction against Kim Marie Woolhouse is DENIED WITH PREJUDICE for the reasons set forth in the Memorandum Decision.

*4. Fees and Costs*

Each party shall bear its own fees and costs.

The Clerk of Court is directed to filed a copy of this Judgment in Adversary Proceedings 10-04338-BDL and 10-04339-BDL.

// End of Judgment //